IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANDRA WOODS o/b/o
MARLON TOWERY												PLAINTIFF

        v.								Civil No. 04-4138

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration											DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

      The plaintiff, Sandra Woods, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claim on behalf of her minor son, Marlon Towery (hereinafter "claimant"), for supplemental security income benefits (hereinafter "SSI"), under § 1602 of Title XVI, *42 U.S.C. § 1381a*. Both parties have filed appeal briefs (Doc. #5,6 & 7,8). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.

      The history of the administrative proceedings is contained in the appeals briefs and in the ALJ's written decision and will not be recounted here except as necessary. However, it should be noted that the plaintiff submitted additional medical evidence to the undersigned in conjunction with her Supplemental Appeal Brief (Doc. #6). This evidence was not submitted to the ALJ, and was not submitted to the Appeals Council, but was appended to the plaintiff's Supplemental Appeal Brief. Plaintiff requests:

> Plaintiffs pray review of [their] claim for [SSI] benefits for a child to be awarded
> from September 17, 2002, the filing date, to an indefinite date in the future, or,

> in the alternative, that the case be remanded to the Defendant for the taking of supplemental evidence pertaining to Plaintiffs' claim. It is to be duly noted that the Plaintiffs appeared without an attorney before the [ALJ].

(Doc. #6, p. 1). Accordingly, the undersigned finds that the plaintiff's Supplemental Appeal Brief should and will be construed as a motion to consider additional evidence.

Section 405(g) generally precludes consideration on review of evidence outside the record before the Commissioner during the administrative proceedings. *See Delrosa v. Sullivan, 922 F.2d 480, 483 (8th Cir.1991)*. Remand is appropriate only upon a showing by the claimant "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *42 U.S.C. § 405(g); see also Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir.1991)*. To be considered material, the new evidence must be "non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *See Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir.1993)*. Furthermore, it must be reasonably likely that the Commissioner's consideration of this new evidence would have resulted in an award of benefits. *See id.*

An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition. *See Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir.1993) (per curiam); Thomas v. Sullivan, 928 F.2d at 260-61*. Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits. *Jones v. Callahan 122 F.3d 1148,1154 (8th Cir.1997).* Here, plaintiff seeks remand to the ALJ for consideration of medical evidence dated June 7,

2004 through January 13, 2005 (Doc. #6, attachments). As has been noted, the plaintiff's administrative hearing was held on May 13, 2004, written decision was rendered on June 30, 2004 and the Appeals Council entered its Order on August 27, 2004.

While it is noted that the undersigned may "at any time order additional evidence to be taken before the Commissioner", there must first be a "showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *42 U.S.C. § 405(g).*

Much of the new evidence was generated some five (5) months after the date the Appeals Council entered its order making the ALJ's decision the final decision for purposes of this appeal. Because this evidence was not in existence at the time of the administrative hearing, it is new evidence, and it could not be made a part of the record at the prior proceeding. *Thomas v. Sullivan, 928 F.2d at 260.* This evidence is not merely cumulative, but instead presents more specific findings and conclusions of mental health personnel treating the plaintiff. *Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir.1990).* The question then becomes whether the evidence is material. We find that it is.

The plaintiff asserts disability due to claimant's depression, attention deficit hyperactivity disorder (hereinafter "ADHD"), adjustment disorder and mood disorder. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence.

The ALJ followed the sequential evaluation process, set forth in *20 C.F.R. § 416.924.* Under this standard, a child must prove that she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *42 U.S.C. § 1382c(a)(3)(c)(I); 20 C.F.R. § 416.906.*

When passing the law, as it relates to children seeking SSI disability benefits, Congress decided that the sequential analysis should be limited to the first three steps. This is made clear in the House conference report on the law, prior to enactment. Concerning childhood SSI disability benefits, the report states:

> The conferees intend that only needy children with severe disabilities be eligible for SSI, and the Listing of Impairments and other current disability determination regulations as modified by these provisions properly reflect the severity of disability contemplated by the new statutory definition.... The conferees are also aware that SSA uses the term "severe" to often mean "other than minor" in an initial screening procedure for disability determination and in other places. The conferees, however, use the term "severe " in its common sense meaning.

*142 Cong. Rec. H8829-92, 8913 (1996 WL 428614), H.R. Conf. Rep. No. 104- 725 (July 30, 1996).*

Consequently, under the law, the analysis ends at step three with the determination of whether the child's impairments meet or equal any of the listed impairments. More specifically, a determination that a child is disabled requires the following three-step analysis. See *20 C.F.R. § 416.924(a)*. First, the ALJ must consider whether the child is engaged in substantial gainful activity. See *20 C.F.R. § 416.924(b)*. If the child is so engaged, he or she will not be awarded SSI benefits. See *id.* Second, the ALJ must consider whether the child has a severe impairment. See *20 C.F.R. § 416.924(c)*. A severe impairment is an impairment that is more than a slight abnormality. See *id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the

AO72A
(Rev. 8/82)

Listing of Impairments, *20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings")*. See *20 C.F.R. § 416.924(c)*. Only if the impairment is severe and meets or is medically or functionally equal to a disability in the Listings will it constitute a disability within the meaning of the Act. See *20 C.F.R. § 416.924(d)*. Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. *20 C.F.R. § 416.926(a)*. To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. See *20 C.F.R. § 416.926a(b)(1)*. The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. See *20 C.F.R. § 416.926a(b)(1)*.

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to a disability in the Listings. See *20 C.F.R. § 416.926a(b)(2)*. A marked limitation is an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. See *20 C.F.R. § 416.926a(e)(2)*. An extreme limitation is "more than marked", and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. See *20 C.F.R. § 416.926a(e)(3)*.

AO72A
(Rev. 8/82)

**Discussion:**

This court reviews a decision by an ALJ "to determine whether it is supported by substantial evidence on the record as a whole." *Bailey v. Apfel, 230 F.3d 1063, 1065 (8th Cir.2000); 42 U.S.C. § 405(g)*. Our scope of review is narrow; we must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart 335 F.3d 726, 729 (8th Cir.2003); Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir.1998)*. Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision. *Hunt v. Massanari, 250 F.3d 622, 623 (8th Cir.2001)*. The issue on appeal is whether there is substantial evidence to support the ALJ's determinations under the three-step sequential test. The undersigned employs the same three-step sequential test as the ALJ to evaluate the evidence and the alleged disability. Because plaintiff does not contest the ALJ's finding regarding substantial gainful activity, we bypass the first step. Under the second step, we agree that claimant's impairments of adjustment disorder and ADHD are severe. Consequently, the pivotal issue remains the third step, namely, whether there is substantial evidence in the record to support the finding that claimant's impairments do not rise to the medical or functional level of severity necessary to equal a disability listed in *Appendix 1* of *20 C.F.R. § 404, Subpart P*. See *Pepper ex rel. Gardner v. Barnhart 342 F.3d 853, 855 (8th Cir.2003)*.

The regulations provide:

(a) *Basic considerations.* We consider all relevant information (*i.e.,* evidence) in your case record. The evidence [] may include information from medical sources, such as your pediatrician, other physicians, psychologist, or qualified speech-language pathologist; other medical sources not listed in § 416.913(a), such as physical, occupational, and rehabilitation therapists; and nonmedical

sources, such as your parents, teachers, and other people who know you.

  *(1) Medical evidence -- (i) General.* Medical evidence of your impairment(s) must describe symptoms, signs, and laboratory findings. The medical evidence may include, but is not limited to, formal testing that provides information about your development or functioning in terms of standard deviations, percentiles, percentages of delay, or age or grade equivalents. It may also include opinions from medical sources about the nature and severity of your impairments. (*See* § 416.927).

  *(ii) Test scores.* We consider all of the relevant information in your case record and will not consider any single piece of evidence in isolation. Therefore, we will not rely on test scores alone when we decide whether you are disabled. (*See* § 416.926a(e)) for more information about how we consider test scores.

*20 C.F.R. § 416.924a(a)(1)(i)-(ii).*

At the time of the administrative hearing, the claimant was 14 years old and was in the eighth grade (T. 28, 63). The plaintiff, claimant's mother, and claimant testified at the hearing, however, the plaintiff was not represented by counsel (T. 26). The administrative hearing was conducted on May 13, 2004, after which the ALJ issued his written decision, dated June 30, 2004 (T. 12-18). On August 27, 2004, the Appeals Council denied the plaintiff's request for review of the hearing decision (T. 5-7), making the ALJ's decision the Commissioner's final decision.

As has been noted, there are several ways to demonstrate that a child is disabled. *20 C.F.R. § 416.926a(b).* If the ALJ had found that the claimant had an extreme impairment in one functional area or marked impairments in two functional areas, then she would have been entitled to benefits. *20 C.F.R. § 416.926a(d).*

Here, the ALJ assessed that the claimant has: less than a marked limitation in the domain of acquiring and using information; less than a marked limitation in the domain of

AO72A
(Rev. 8/82)

attending and completing tasks; no limitation in the domain of interacting and relating to others; no limitation in the domain of moving about and manipulating objects; no limitation in the area of caring for herself; and, less than a marked limitation in the area of health and physical well being (T. 16-17).

However, after carefully examining the record, including the additional evidence submitted for consideration, the undersigned concludes that we do not reach the issue of whether the ALJ's decision is supported by substantial evidence. Instead, it appears clear that the plaintiff's motion to consider additional evidence should be granted and this matter remanded to the Commissioner for the consideration of the evidence appended to the plaintiff's supplemental appeal brief.

As has been stated, an individual is "disabled" under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence, and our finding with respect to that evidence, complicates the analysis and thus, this matter should be remanded.

**Conclusion:**

Accordingly, the undersigned finds that the plaintiff's Supplemental Appeal Brief, with appended new and material evidence, is construed as a motion to submit additional evidence

AO72A
(Rev. 8/82)

(Doc. #6). Finding further, it is determined that the motion should be and hereby is granted. Thus, this matter is remanded to the Commissioner pursuant to **sentence six**, *42 U.S.C. 405(g),* for the consideration of any and all relevant additional evidence.

ENTERED this 7th day of November, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)